UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GULFSTREAM NATURAL GAS SYSTEM, L.L.C.,**

    **Plaintiff,**

v.                                            Case No. 8:03-CV-2626-T-30EAJ

**241.37 ACRES OF PROPERTY (MORE OR LESS) LOCATED IN POLK AND HARDEE COUNTY, et al,**

    **Defendants.**
_____/

**ORDER**

Before the court is Plaintiff Gulfstream Natural Gas System L.L.C.'s **Motion to Compel and to Re-Open Discovery** (Dkt. 114) and Defendants Cargill Fertilizer, Inc.'s and South Ft. Meade Partnership, L.P.'s **Memorandum in Opposition** (Dkt. 116) as well as Plaintiff's **Reply to Defendants' Memorandum in Opposition**.(Dkt. 118-3).

Plaintiff seeks to compel financial information and other documents related to the valuation of the land Plaintiff wishes to purchase in this eminent domain proceeding.  Plaintiff also seeks to re-open the discovery period so that it can depose corporate representatives of the Mosaic Company concerning the merger of Cargill Fertilizer, Inc. and IMC Global, Inc. into the Mosaic

Company.[1]

A hearing on the instant motion was held before the undersigned on June 28, 2005. For the reasons stated hereafter, I find that the motion should be denied.

**I. BACKGROUND**

Plaintiff Gulfstream Natural Gas System L.L.C. filed its complaint on December 16, 2003 (Dkt. 1). This is a civil action for condemnation of property by the process of eminent domain for interests in property located in Polk County and Hardee County. The court entered a case management and scheduling order on May 24, 2004 (Dkt. 81). Subsequently, the court entered an amended case management and scheduling order on November 16, 2004 (Dkt. 100). Currently, the final pretrial conference is scheduled for August 5, 2005 with trial for on and after September 6, 2005.

**II. DISCUSSION**

Defendants raise several arguments in opposition to Plaintiff's instant motion to compel and to re-open discovery which are addressed below.

1. <u>Timeliness of Motion</u>

The court's amended case management and scheduling order established a fact discovery deadline of March 1, 2005 (Dkt. 100).

---

[1] At the hearing, Plaintiff argued that the discovery period should be enlarged so that it could pose questions to Mosaic Company representatives about the manner in which phosphate reserve lands have been valued. This issue is interrelated with the request for documentary discovery.

Plaintiff's instant motion was filed on May 31, 2005. Defendants assert that Plaintiff's motion is untimely because it was not served until after the fact discovery deadline. However, Plaintiff notes that the court's amended case management and scheduling order established an expert discovery deadline of May 31, 2005 and contends that its motion is timely because it concerns expert discovery and was filed before the expert discovery deadline.

One could certainly interpret the expert discovery deadline as covering only depositions of experts, not documentary discovery. The discovery at issue concerns valuation and therefore damages information. Plaintiff's counsel stated at the hearing that the requests were necessary to impeach opinions offered by Defendant's expert concerning valuation. The court gives Plaintiff the benefit of the doubt on this issue; however, even if the discovery is properly viewed as expert discovery and therefore not untimely, the motion is without merit for other reasons.

2. <u>The Court's Previous Order Denying Plaintiff's Motion with Prejudice</u>

The court denied with prejudice Plaintiff's previous motion to compel discovery on March 22, 2005 (Dkt. 110). Defendants argue that the instant motion to compel which relates to subsequent discovery simply reiterates requests previously denied while Plaintiff submits that the requests are new. Plaintiff's position is simply untenable with regard to most of the requests.

At issue are requests #21 through #29 of Plaintiff's third request for production of documents served on Defendants on April 21, 2005. However, the substance of the requests sought is similar, if not identical, to the information sought in requests #21 through #29 which were addressed by the March 22, 2005 order denying Plaintiff's original motion to compel discovery with prejudice. Requests #24, #26, and #27 are identical to requests that were denied with prejudice in Plaintiff's original motion to compel discovery (Dkt. 114 at 9-10). Accordingly, consideration of these requests is barred due to the court's ruling on the prior motion to compel.[2]

The other requests arise out of the same subject matter as Plaintiff's second request for production: requests #23, #25, #28, and #29 use language different from the original requests but the differences are minor. During the hearing, Defendants asserted that they have already provided the responsive documents to requests #23, #25, #28, and #29. Consequently, the motion to compel requests #23, #25, #28, and #29 is denied.

At oral argument, Plaintiff focused on request #22 as being

---

[2] Request #21 is not identical to a prior request, however, it is, in substance, the same as request #24. Request #24 is identical to prior request #3, which this court denied with prejudice in its March 22, 2005 order. Therefore, just as consideration of request #24 is barred due to the court's ruling on the prior motion to compel, request #21 must similarly be categorized.

4

particularly important to its case. Request #22 seeks "Any and all documents the Defendants furnished to or received from Houlihan Lokey and/or Goldman Sachs in connection with the Cargill Fertilizer-IMC Global, Inc. merger."[3]

Plaintiff asserts that the documents it seeks via request #22 will shed light on the manner in which Defendants have valuated certain phosphate reserves and assist it in impeaching Defendants' experts who have valued the land at a substantially higher per acre figure than Plaintiff's experts.[4] Defendants respond, however, that the land in question in the instant suit is not land that was affected by the merger of Cargill Fertilizer, Inc. and IMC Global, Inc. This court is persuaded by Defendants' argument. Cargill Fertilizer, Inc. and South Ft. Meade Partnership, L.P. are the

---

[3] Defendants responded to Plaintiff's request #22 as follows:

Defendants object to this request as it calls for production of fact discovery after the Court's deadline for fact discovery has long past and is contrary to the Court's March 22, 2005 Order. Gulfstream filed a Motion to Compel on March 1, 2005 seeking 'financial documents' from Defendants. The Court denied Gulfstream's Motion with prejudice, issuing its Order on March 22, 2005. Accordingly, Gulfstream may not request additional fact discovery in this action. Further, the requested information was not relied upon by Defendants or any of their experts in this case and thus, is outside the scope of expert discovery.

[4] According to the figures provided by Plaintiff at the hearing, the per acre valuation of Defendants' property by their experts exceeds that of Plaintiff's experts by a multiple of more than four.

5

proper parties to this action because, on April 1, 2004 (the date of the taking) they were the owners of the property subject to the taking.  The valuation of phosphate reserve lands owned by a non-party which are not included in this action is not relevant to the instant suit.  Thus, Plaintiff has failed to show that the discovery is relevant and discoverable, especially considering the broad scope of the information requested.  Even if relevant, the eleventh-hour nature of this request belies Plaintiff's claim that the discovery is urgently needed.  Also, the vast scope of the information would inevitably result in delay; Plaintiff's position that the documentation could be produced and analyzed, and the third party depositions taken, without additional delay simply defies common sense.  Even if relevant, it appears that Plaintiff already has substantial impeachment material available to it and Plaintiff conceded as much at the hearing.

    3. <u>Motion to re-open discovery</u>

Plaintiff also argues that this court should re-open discovery so that Plaintiff may depose corporate representatives of the Mosaic Company concerning the merger of Cargill Fertilizer, Inc. and IMC Global, Inc. into the Mosaic Company. Particularly, Plaintiff seeks to ascertain the manner in which phosphate reserve lands now held by the Mosaic Company have been valued.

As this court has denied each request of Plaintiff's motion to compel and has specifically determined that the valuation of

6

phosphate reserve lands not involved in the instant eminent domain proceeding are not relevant, it is clear that the motion to reopen discovery should be denied.

    3. Sanctions

Sua sponte, this court raises the issue of sanctions. As discussed supra, this court entered an unambiguous order on March 22, 2005 which denied Plaintiff's motion to compel and stated, "this court will not allow the motion to compel to be refiled with regards to the subject matter of the motion . . . " (Dkt. 110 at 1-2). The court denied the motion with prejudice because Plaintiff's counsel misrepresented facts concerning the motion to compel's Local Rule 3.01(g), M.D. Fla.'s good faith certificate.

Despite this court's ruling on March 22, 2005, Plaintiff filed the instant motion to compel containing requests which are identical to the requests which were clearly denied without the possibility of reassertion. Plaintiff is therefore warned that future conduct may warrant sanctions under 28 U.S.C. § 1927 which prohibits parties from vexatiously multiplying court proceedings[5]

---

[5] 28 U.S.C. § 1927 specifically states, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

in addition to any other applicable sanctions provisions.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that: Plaintiff's Motion to Compel and Re-Open Discovery (Dkt. 114) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on this 18th day of July, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge